## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>                    Plaintiffs,<br><br>          v.<br><br>HONDA MOTOR CO., LTD.; AMERICAN HONDA MOTOR CO., INC.; and AMERICAN HONDA FINANCE CORP.,<br><br>                    Defendants. | **Civil Action No. 3:22-cv-00761-E**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO STAY THE PROCEEDINGS

Honda Motor Co., Ltd., Honda Motor Co., Inc. and American Honda Finance Corp. (collectively "Honda" or "Defendants") respectfully move this Court to stay all proceedings pending final resolution of the petitions for *inter partes* review ("IPR") currently before the PTAB relating to United States Patent Nos. 9,602,608 ("the '608 Patent"), 9,291,475 ("the '475 Patent"), 9,232,158 ("the '158 Patent"), 8,953,641 ("the '641 Patent"), 9,681,466 ("the '466 Patent"), 7,382,771 ("the '771 Patent"), 10,292,138 ("the '138 Patent"), 8,811,356 ("the '356 Patent"), and 7,891,004 ("the '004 Patent), which are asserted in this case. The grounds for this motion are set forth in Defendants' Brief In Support Of Its Motion to Stay.

WHEREFORE, Defendants respectfully request that the Court enter the attached order granting Defendants' motion to stay the proceedings.

DATED: November 14, 2022          Respectfully submitted,

                                   _/s/ Drew M. Thomas_____
Michael W. De Vries, P.C. (*pro hac vice*)    Jeffrey S. Patterson
California State Bar No. 211001    Texas State Bar No. 15596700

michael.devries@kirkland.com

**KIRKLAND & ELLIS LLP**
555 South Flower Street, Suite 3700
Los Angeles, CA, 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Adam Alper, P.C. (*pro hac vice*)
California State Bar No. 196834
adam.alper@kirkland.com

Akshay Deoras, P.C. (*pro hac vice*)
California State Bar No. 301962
akshay.deoras@kirkland.com

Reza Dokhanchy (*pro hac vice*)
California State Bar No. 287684
reza.dokhanchy@kirkland.com

Laura Ashley Harris (*pro hac vice*)
California State Bar No. 327400
lauraashley.harris@kirkland.com

**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Leslie M. Schmidt, P.C. (*pro hac vice*)
New York State Bar No. 4884078
leslie.schmidt@kirkland.com

Jonathan D. Brit (*pro hac vice*)
New York State Bar No. 5302567
jonathan.brit@kirkland.com

**KIRKLAND & ELLIS LLP**
601 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

jpatterson@hartlinebarger.com

Drew M. Thomas
Texas State Bar No. 24086841
dthomas@hartlinebarger.com

**HARTLINE BARGER LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
Telephone: (214) 369-2100
Facsimile: (214) 369-2118

Kathy H. Li
Texas State Bar No. 24070142
kat.li@kirkland.com

**KIRKLAND & ELLIS LLP**
401 Congress Avenue
Austin, TX 78701
Telephone: (512) 678-9167
Facsimile: (512) 678-9101

***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 14, 2022 a copy of the above and foregoing document was served by electronic transmission on all counsel of record via the Court's ECF system.

/s/ Drew M. Thomas
Drew M. Thomas

## **CERTIFICATE OF CONFERENCE**

In compliance with Local Rule 7.1(b), I hereby certify that on November 14, 2022 counsel for Honda met and conferred by telephone with counsel for IV, Mark Siegmund, who confirmed that IV opposes Honda's motion.

/s/ Drew M. Thomas
Drew M. Thomas

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>                  Plaintiffs,<br><br>   v.<br><br>HONDA MOTOR CO., LTD.; AMERICAN HONDA MOTOR CO., INC.; and AMERICAN HONDA FINANCE CORP.,<br><br>                  Defendants. | **Civil Action No. 3:22-cv-00761-E**<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO STAY</u>**

## TABLE OF CONTENTS*

I.    BACKGROUND ..................................................................................................4

    A.    IV's District Court Cases against Honda ...............................................4

    B.    IPR Proceedings against the Patents-in-Suit.........................................5

II.   LEGAL STANDARD.........................................................................................7

III.  ARGUMENT ......................................................................................................8

    A.    A Stay Will Not Unduly Prejudice IV But Proceeding with This Case Now Will Prejudice Honda.........................................................................8

    B.    A Stay Pending Final Resolution of IPRs is Highly Likely to Simplify This Case ...............................................................................................11

    C.    The Early Stage of the Case Supports a Stay.......................................14

IV.   CONCLUSION.................................................................................................16

\* All emphasis throughout this memorandum is added unless otherwise noted.

## <u>TABLE OF AUTHORITIES</u>

**Cases**

**Page(s)**

*Am. GNC Corp. v. LG Elecs. Inc.*,
    No. 17-cv-01090-BAS-BLM, 2018 U.S. Dist. LEXIS 40240, Dkt. 108 (S.D.
    Cal. Mar. 12, 2018) ............................................................................................. 3

*Autoalert, Inc. v. Dominion Dealer Sols., LLC*,
    No. SACV 12-1661-JST, 2013 WL 8014977 (C.D. Cal. May 22, 2013) .................. 9

*Aylus Networks, Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017) ..................................................................... 14, 15

*BarTex Research, LLC v. FedEx Corp.*,
    611 F. Supp. 2d 647 (E.D. Tex. 2009) .............................................................. 8, 11

*Blephex LLC v. Pain Point Med. Sys. Inc*,
    No. 3:16-CV-0410-N, 2016 WL 7839343 (N.D. Tex. Nov. 3, 2016) ............ 3, 9, 11

*Canon Inc. v. Avigilon USA Corp. Inc.*,
    No. 3:17-CV-2733-N, 2019 WL 13156692 (N.D. Tex. Jan. 3, 2019) ......... 4, 10, 15

*Clinton v. Jones*,
    520 U.S. 681 (1997) ........................................................................................... 7

*Employment Law Compliance, Inc. v. Compli, Inc.*,
    No. 3:13-cv-3574-N, 2014 WL 3739770 (N.D. Tex. May 27, 2014) .......... *passim*

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988) .......................................................................... 7

*Fresenius USA Inc. v. Baxter Int'l, Inc.*,
    721 F.3d 1330 (Fed. Cir. 2013) ......................................................................... 13

*Intellectual Ventures I LLC v. Honda Motor Co., Ltd.*,
    No. 2:21-cv-00390-JRG, Dkt. 1 (E.D. Tex. Oct. 19, 2021) ............................. 2, 4

*Intellectual Ventures I LLC v. Honda Motor Co., Ltd.*,
    No. 2:21-cv-00390-JRG, Dkt. 15 (E.D. Tex. Jan. 31, 2022) ............................... 5

*Intellectual Ventures I LLC v. Honda Motor Co., Ltd.*,
    No. 2-21-cv-00390-JRG, Dkt. 67 (E.D. Tex. Apr. 4, 2022) ................................ 2

*Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*,
    No. CV H-15-2915, 2017 WL 2255579 (S.D. Tex. May 23, 2017) ...................... 8

ii

*Lund Motion Prods., Inc. v. T-Max Hangzhou Tech. Co.*,
  No. SACV1701914CJCJPR, 2019 WL 116784 (C.D. Cal. Jan. 2, 2019) .................................9

*MercExchange, LLC v. eBay, Inc.*,
  500 F. Supp. 2d 556 (E.D. Va. 2007) ...............................................................................8

*Micrografx LLC v. Samsung Telecommunications America, LLC*,
  No. 3:13-cv-3599-N, 2014 WL 8239371 (N.D. Tex. July 9, 2014) ............................. *passim*

*Murata Mach. USA v. Daifuki Co.*,
  830 F.3d 1357 (Fed. Cir. 2016)........................................................................................7

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ............................... *passim*

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
  No. C-14-1575 EMC, 2014 WL 3107447 (N.D. Cal. July 3, 2014)........................................8

*Semiconductor Energy Lab'y Co., Ltd. v. Chimei Innolux Corp.*,
  No. SACV 12-21-JST JPRX, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) .................13, 14

*Slide Fire Sols., L.P. v. Bump Fire Sys., LLC*,
  No. 3:14-CV-3358-M, 2016 WL 3355141 (N.D. Tex. Apr. 21, 2016) ...............................15

*Smartflash LLC v. Apple Inc.*,
  621 F. App'x 995 (Fed. Cir. 2015) ................................................................................15

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
  No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020)............................2, 10, 14

*VirtualAgility Inc. v. Salesforce.com*,
  759 F.3d 1307 (Fed. Cir. 2014).................................................................................. *passim*

*In re Volkswagen Grp. of Am., Inc.*,
  28 F.4th 1203 (Fed. Cir. 2022) ................................................................................2, 5, 9

*Zitovault, LLC v. Int'l Business Machines Corp.*,
  No. 3:16-cv-00962-M, Dkt. No. 60 (N.D. Tex. July 11, 2016).................................................4

**Statutes**

35 U.S.C. § 315(e)(2)............................................................................................................13

35 U.S.C. § 316(a)(11)...........................................................................................................9

Defendants Honda Motor Co., Ltd., American Honda Motor Co., Inc., and American Honda Finance Corp. (collectively, "Defendants" or "Honda") respectfully move this Court to stay this litigation pending final resolution of the pending *Inter Partes Review* ("IPR") petitions in the event that Honda's motion to transfer is not granted (or in lieu of ruling on that motion until after a stay, if that is the Court's preference).[1] The outcome of those petitions could moot this case in its entirety, or at the very least, in part, if the PTAB finds some or all of the challenged claims from the 11 Patents-in-Suit to be invalid. This case is in its early stages: there is no case schedule or trial date. Proceeding with this litigation in parallel with the IPRs will waste the parties' and the Court's resources, e.g., by requiring discovery related to 11 patents and 15 accused vehicles and claim construction on 11 patents, even though those patents will likely be invalidated or altered by the IPR proceedings. By contrast, once the IPRs are decided, the parties and the Court can address the streamlined issues that remain, if any. Therefore, a stay pending the final written decisions in the pending IPRs should be granted.

Every factor strongly favors staying this case pending the outcome of the IPRs. ***First,*** IV will suffer no undue prejudice or tactical disadvantage from a stay because money damages will adequately compensate IV should any valid patent claim be infringed. *See VirtualAgility Inc. v.*

---

[1] Honda has filed IPRs related to the following nine asserted patents: U.S. Patent Nos. 9,602,608 ("the '608 Patent"), IPR2022-01266; 9,291,475 ("the '475 Patent"), IPR2023-00031; 9,232,158 ("the '158 Patent"), IPR2022-01338; 8,953,641 ("the '641 Patent"), IPR2023-00032; 9,681,466 ("the '466 Patent"), IPR2022-01521; 7,382,771 ("the '771 Patent"), IPR2023-00021; 10,292,138 ("the '138 Patent"), IPR2023-00020; 8,811,356 ("the '356 Patent"), IPR2023-00077; and 7,891,004 ("the '004 Patent"), IPR2023-00078. The other two patents asserted in this case U.S. Patent Nos. 7,684,318 ("the '318 Patent") and 6,832,283 ("the '283 Patent") are subject to IPRs filed by Toyota: IPR2022-00970 and IPR2022-01355. Toyota has also filed IPRs on the following Patents-in-Suit, meaning these patents are subject to two IPRs: the '608 Patent, IPR2022-00709; the '475 Patent, IPR2022-00708; the '641 Patent, IPR2022-00974; the '466 Patent, IPR2022-00972; the '771 Patent, IPR2022-00971; the '138 Patent, IPR2022-01127; and the '356 Patent, IPR2022-01130.

*Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). IV is not a direct competitor of Honda and it does not practice any Patent-in-Suit. Moreover, IV has made no effort to expeditiously litigate its claims, belying any assertion that it would somehow be prejudiced by a stay now. IV first sued Honda on these patents over one year ago in the Eastern District of Texas (despite owning several of these patents for five-plus-years), only to voluntarily dismiss that suit once the Federal Circuit made clear that IV's venue allegations failed as a matter of law. *Intellectual Ventures I LLC v. Honda Motor Co., Ltd.*, No. 2:21-cv-00390-JRG, Dkts. 1, 67; *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203 (Fed. Cir. 2022) (hereinafter "*StratosAudio*"). IV then filed this lawsuit in April, and twice agreed to stay the case pending the completion of venue discovery. IV has not requested that the Court enter a schedule, and the parties have engaged in no discovery (other than related to venue issues). IV therefore cannot establish it will be prejudiced by a stay. *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *1-2 (N.D. Tex. Jan. 23, 2020) (finding prejudice factor favored stay where parties were not direct competitors, plaintiff did not seek injunction, case was at early stage).

**Second,** each of the IPRs independently, and collectively, are very likely to simplify the issues in this case, as numerous issues related to the Patents-in-Suit are likely to be eliminated— or at least streamlined—through the IPR proceedings. IPRs on two of the Patents-in-Suit have already been instituted (from petitions filed by another party facing infringement claims on the same patents, Toyota) and Honda's petition for one of those patents (the '475 patent) is identical to Toyota's, and its petition for the other patent (the '608 patent) cites even stronger prior art than the prior art the PTAB relied on to institute Toyota's petitions. Decisions on the remaining petitions are expected to issue shortly, i.e., between December 2022 and April 2023. The PTAB's final decisions in the pending IPRs may "render[] some or all of Plaintiff's infringement claims

2

moot, estop [Honda] from asserting any arguments it raised or reasonably could have raised in [its instituted] IPR[s], and provid[e] the Court with PTAB's expert opinion on the claims at issue." *Blephex LLC v. Pain Point Med. Sys. Inc*, No. 3:16-CV-0410-N, 2016 WL 7839343, at *2 (N.D. Tex. Nov. 3, 2016). This potential for simplification applies even if IPRs are only instituted for some Patents-in-Suit, because "[m]oving forward [with] only a subset of the patents-in-suit would create significant inefficiencies, including the possibility of multiple trials on multiple timelines with duplicative discovery, claim construction, and dispositive motions, burdening both the parties and the Court." *Am. GNC Corp. v. LG Elecs. Inc.*, No. 17-cv-01090-BAS-BLM, 2018 U.S. Dist. LEXIS 40240, Dkt. 108 at 8 (S.D. Cal. Mar. 12, 2018) (quotations omitted). This is particularly the case here, where 15 vehicles are accused of infringing the Patents-in-Suit, including the two patents instituted so far. In addition, IV's statements in the IPR proceedings will also be relevant to the issues in this case, including claim construction. Given the substantive effect the IPR petitions will have on issues in this case, the interests of efficiency favor staying this case now.

*Third,* this case is in its infancy. No Case Management Conference has been held, an order relating to Honda's Motion to Transfer Venue has not yet been issued,[2] and the Court has not set dates for discovery, trial, or any other substantive event. Given the present posture of this case, a stay at this early stage would promote efficiency by allowing the IPR petitions to be decided by the PTAB before further resources are expended in this litigation by the Court and the parties.

---

[2] Honda moved to transfer this litigation to the Central District of California. Dkts. 53, 54, 56. Should the Court grant Honda's motion to transfer, the C.D. Cal. Court could then address the motion to stay. Alternatively, should the Court prefer to grant this motion to stay before ruling on Honda's transfer motion, the Court could consider the transfer motion, if necessary, after the IPRs have been completed.

*Canon Inc. v. Avigilon USA Corp. Inc.*, No. 3:17-CV-2733-N, 2019 WL 13156692, at *2 (N.D.

Tex. Jan. 3, 2019) (finding in favor of a stay based on the early stage of the case).

Courts in this District have routinely ordered stays under circumstances similar to those

surrounding the current litigation, and the same result is warranted here. *See Micrografx LLC v.*

*Samsung Telecommunications America, LLC*, No. 3:13-cv-3599-N, 2014 WL 8239371 (N.D. Tex.

July 9, 2014) (granting stay pending IPR at a similarly early stage of the case where, as here, the

parties had not completed discovery, no trial date was set, and the parties had not submitted claim

construction briefs, and no *Markman* hearing had been scheduled); *see also Zitovault, LLC v. Int'l*

*Business Machines Corp.*, No. 3:16-cv-00962-M, Dkt. No. 60 at 1 (N.D. Tex. July 11, 2016)

(granting motion to stay based on a filed but yet to be instituted IPR petition); *Employment Law*

*Compliance, Inc. v. Compli, Inc.*, No. 3:13-cv-3574-N, 2014 WL 3739770 (N.D. Tex. May 27,

2014) (similar). For these reasons, Honda respectfully requests this Court stay this case pending

final resolution of the IPRs.

## I.     BACKGROUND

### A.     IV's District Court Cases against Honda

Although IV first sued Honda on the Patents-in-Suit over a year ago, this litigation is in its

early stages.  Fact discovery related to the claims and defenses in this case has not yet begun, and

no schedule or trial date has been set.  The 11 Patents-in-Suit relate to technology allegedly used

in Honda vehicles, and IV largely accuses the same Honda vehicles (15 in total) of infringing each

of the Patents-in-Suit.  Dkt. 1 ¶¶ 64, 79, 94, 111, 126, 139, 152, 168, 187, 203, 224.

IV originally filed its Complaint against Honda in the Eastern District of Texas on October

19, 2021. *Intellectual Ventures I LLC v. Honda Motor Co., Ltd.*, No. 2:21-cv-00390-JRG, Dkt. 1

(E.D. Tex. Oct. 19, 2021).  Honda subsequently moved to dismiss the EDTX action due to

improper venue and alternatively sought to transfer to the Central District of California.

4

*Intellectual Ventures I LLC v. Honda Motor Co., Ltd.*, No. 2:21-cv-00390-JRG, Dkt. 15 (E.D. Tex.

Jan. 31, 2022).  After the Federal Circuit confirmed that IV's venue allegations were insufficient

as a matter of law, Honda sought confirmation that IV would not oppose transfer to the Central

District of California.  Ex. 1 at APP001–6; *StratosAudio*, 28 F.4th at 1214.

IV did not respond to Honda's inquiry, and instead of choosing to proceed with its claims

in an undisputedly proper venue, IV dismissed the East Texas case and refiled in this District on

April 4, 2022, alleging infringement of the same 11 patents. Dkt. 1.

Honda answered the complaint on June 17, 2022 (Dkt. 43), and moved to transfer a few

days later, on June 23, 2022. Dkts. 53, 54, 56.  At IV's request, the parties engaged in transfer-

related discovery, during which IV agreed to stay the case for a total of seven weeks. Dkts. 57

(July 13, 2022), 59 (August 19, 2022). Venue discovery is now complete (Dkt. 62) and all transfer

related briefing has been submitted to the Court. Dkts. 53, 54, 56, 63, 63-1, 64-1, 65, 65-1.  There

are no deadlines in this case.  Honda now moves to stay this case, within two weeks of the filing

of its final IPR petition.

**B.      IPR Proceedings against the Patents-in-Suit**

Between July 13, 2022 and the present, Honda filed IPR petitions on nine of the Patents-

in-Suit, challenging all of the asserted claims from those nine patents.  The status of each IPR

petition is set forth below:

| Patent-in-Suit | IPR | IPR Filing Date | Expected Date for Institution Decision | Expected Date for Final Written Decision |
|---|---|---|---|---|
| 9,602,608 | IPR2022-01266 | July 13, 2022 | February 6, 2023 | February 6, 2024 |
| 9,291,475 | IPR2023-00031 | October 11, 2022 (Joinder with Toyota) | April 28, 2023 | April 29, 2024 |
| 9,232,158 | IPR2022-01338 | July 27, 2022 | February 3, 2023 | February 2, 2024 |

| Patent-in-Suit | IPR | IPR Filing Date | Expected Date for Institution Decision | Expected Date for Final Written Decision |
|---|---|---|---|---|
| **8,953,641** | IPR2023-00032 | October 11, 2022 (Joinder with Toyota) | April 18, 2023 | April 18, 2024 |
| **9,681,466** | IPR2022-01521 | September 9, 2022 | March 28, 2023 | March 28, 2024 |
| **7,382,771** | IPR2023-00021 | October 6, 2022 | April 6, 2023 | April 5, 2024 |
| **10,292,138** | IPR2023-00020 | October 6, 2022 | April 6, 2023 | April 5, 2024 |
| **8,811,356** | IPR2023-00077 | October 19, 2022 | April 16, 2023 | April 16, 2024 |
| **7,891,004** | IPR2023-00078 | October 26, 2022 | April 26, 2023 | April 26, 2024 |

In addition, Toyota (who is subject to a separate lawsuit filed by IV on the same patents) filed IPRs on the other two Patents-in-Suit and also filed IPRs on several of the same patents as Honda.[3]  The status of Toyota's IPRs is below:

| Patent-in-Suit | IPR | IPR Filing Date | Expected Date for Institution Decision | Expected Date for Final Written Decision |
|---|---|---|---|---|
| **9,602,608** | IPR2022-00709 | March 29, 2022 | Instituted (October 12, 2022) | October 12, 2023 |
| **9,291,475** | IPR2022-00708 | March 29, 2022 | Instituted (October 12, 2022) | October 12, 2023 |
| **8,953,641** | IPR2022-00974 | May 10, 2022 | December 9, 2022 | December 8, 2023 |

---

[3] Toyota also filed an IPR on the '158 patent, but the PTAB declined to institute the IPR proceedings.  Honda's IPR on the '158 patent relies on different prior art from the Toyota IPR, and Honda's prior art expressly discloses the limitations that the PTAB believed to be absent from Toyota's prior art.  *Compare* Ex. 2 (Toyota IPR2022-00710, Decision Denying Institution of *Inter Partes* Review) at APP011 (stating that neither U.S. Patent No. 5,801,773 (Ikeda) nor JP Laid-Open Patent Application No. H11-317905, pub. Nov. 16, 1999 (Nakajima) disclosed "wherein each optics component of the plurality of optics components is configured to pass light to a sensor of the plurality of sensors" or "a plurality of channels"), *with* Ex. 3 (Honda IPR2022-01338, Petition for *Inter Partes* Review) at APP022–24, 28–30, 32–34 (explaining how U.S. Patent Application Publication No. 2002/0012071 (Sun) expressly discloses the same limitations).

| Patent-in-Suit | IPR | IPR Filing Date | Expected Date for Institution Decision | Expected Date for Final Written Decision |
|---|---|---|---|---|
| **9,681,466** | IPR2022-00972 | May 20, 2022 | December 9, 2022 | December 8, 2023 |
| **6,832,283** | IPR2022-00970 | May 27, 2022 | December 9, 2022 | December 8, 2023 |
| **7,382,771** | IPR2022-00971 | June 2, 2022 | January 6, 2023 | January 7, 2024 |
| **10,292,138** | IPR2022-01127 | June 10, 2022 | January 6, 2023 | January 7, 2024 |
| **8,811,356** | IPR2022-01130 | June 13, 2022 | January 6, 2023 | January 7, 2024 |
| **7,684,318** | IPR2022-01355 | August 26, 2022 | April 18, 2023 | April 18, 2024 |

Unified Patents, LLC, a third-party not currently involved in litigation with IV, also filed an IPR on one of the Patents-in-Suit, the '475 Patent. That IPR was insititued on August 11, 2022. *See* Ex. 4 (Unified Patents IPR2022-00429, Decision Granting Institution of *Inter Partes* Review) at APP039–43.

Thus, two of the Patents-in-Suit are subject to IPRs that have already been instituted and every Patent-in-Suit is the subject of a pending IPR petition. The remaining institution decisions will issue between December 9, 2022 and April 28, 2023 with final written decisions (assuming institution) expected to issue between August 11, 2023 and April 29, 2024.

## II.    LEGAL STANDARD

A district court has inherent power to manage its own dockets, including the power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). In particular, the question whether to stay proceedings pending review by the PTAB of the validity of the patents at issue in the lawsuit is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988); *see also Murata Mach. USA v. Daifuki Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (affirming a district court's refusal to lift a stay pending IPR). A court may

grant such a motion to stay pending PTAB proceedings "in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the needless waste of judicial resources." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 WL 3107447, at *3 (N.D. Cal. July 3, 2014) (quoting *MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 563 (E.D. Va. 2007)); *see also Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc*., No. CV H-15-2915, 2017 WL 2255579, at *2 (S.D. Tex. May 23, 2017) (finding "that a stay of this case pending the completion of the IPR process will provide the Court and the parties with potentially important guidance from the PTAB, will simplify the case, will avoid a needless waste of resources, and will prevent inconsistent results between the IPR proceedings and this lawsuit"). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc*., No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citations omitted) (Bryson, J., sitting by designation).

In deciding whether to stay litigation pending IPR, courts in this District weigh the following factors: "(1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Employment Law*, 2014 WL 3739770, at *1 (citing *BarTex Research, LLC v. FedEx Corp*., 611 F. Supp. 2d 647, 649–650 (E.D. Tex. 2009)).

III.    **ARGUMENT**

    A.    **A Stay Will Not Unduly Prejudice IV But Proceeding with This Case Now Will Prejudice Honda**

IV will not be unduly prejudiced by a stay because IV's conduct confirms it does not need "an expeditious resolution of its claim[s]." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d

8

1307, 1318 (Fed. Cir. 2014). As an initial matter, "a delay caused by the *inter partes* review process, without more, does not justify the denial of a stay" because "the length of the *inter partes* review alone does not establish prejudice."[4] *Blephex*, 2016 WL 7839343, at *2 (citations omitted). And IV has made no effort to "expeditious[ly]" prosecute its claims against Honda. *See VirtualAgility*, 759 F.3d at 1318. Although IV has owned several of the Patents-in-Suit for five-plus-years, IV first asserted these and other Patent-in-Suit against Honda one year ago. IV did so in a venue (the Eastern District of Texas) that was defective as a matter of law. *StratosAudio,* 28 F.4th at 1214. Once the Federal Circuit made clear that IV could not pursue its case against Honda in the Eastern District of Texas, Honda asked IV to agree to transfer that case to the Central District of California, where venue is proper and convenient. Ex. 1 at APP001–6; *StratosAudio,* 28 F.4th at 1214. Yet IV chose to start from square one, refiling a near-identical complaint in this District without a pre-warning to Honda on April 4. Dkt. 1.

Since then, the only activity in this case has been Honda's answer and motion to transfer, along with discovery limited to the transfer motion. The reason for that is because IV *agreed* to a seven-week stay during venue discovery, Dkts. 57, 59, further undermining any assertion by IV that it needs a quick resolution to the claims. *See Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12-1661-JST, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) (finding "there are several factors that undermine Plaintiff's assertion of undue prejudice" including "a lack of urgency in the prosecution of th[e] case"); *Lund Motion Prods., Inc. v. T-Max Hangzhou Tech.*

---

[4] IPRs are required by statute to be completed within twelve months after institution (approximately 18 months total), which provides clarity on the duration of any stay. 35 U.S.C. § 316(a)(11).

*Co.*, No. SACV1701914CJCJPR, 2019 WL 116784, at *2 (C.D. Cal. Jan. 2, 2019) ("Plaintiff's own delay in bringing the instant action renders its arguments of undue prejudice unpersuasive.").

In addition, this is not a competitor case, and as a result, "monetary relief will be sufficient to compensate [IV] for any injury to its patent rights." *See NFC*, 2015 WL 1069111, at *3. IV and Honda are not competitors (nor have they ever been) and IV is not seeking any injunctive relief. Dkt. 1 (no request for an injunction); *Canon*, 2019 WL 13156692, at *1 (finding no prejudice from stay, even where patentee had "bare bones" injunction request because "any potential prejudice to [plaintiff] can be compensated by monetary damages"). IV is an admitted non-practicing entity that does not have any business operations aside from maintaining and asserting a patent portfolio. Ex. 5 at APP049–50, 52, 55–56, 59–61 (Harris Dep. Tr. at 19:23-20:22, 22:7-20, 34:5-35:21, 81:21-83:2). *Micrografx*, 2014 WL 8239371, at *1 (finding a stay would not be prejudicial when the plaintiff did not seek injunctive relief and did not practice the patents-in-suit because any damages would be monetary). As a result, to the extent IV proves infringement of a valid patent claim, it can be adequately compensated through monetary damages, which will continue to accrue while the case is stayed. *VirtualAgility*, 759 F.3d at 1318-19 (a "stay will not diminish the monetary damages to which [IV] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages"). This strongly weighs against a finding of undue prejudice and in favor of a stay. *See NFC*, 2015 WL 1069111, at *3 (finding that "generalized claim of injury is entitled to little weight" where plaintiff "does not compete with [defendant] and [] monetary relief will be sufficient to compensate it for any injury to its patent rights"); *Uniloc 2017*, 2020 WL 374545, at *1-2 (granting stay and finding no undue prejudice where "[plaintiff] and Defendants are not competitors"); *Employment Law*, 2014 WL 3739770, at *2 (similar).

In contrast with IV, Honda does face prejudice if a stay is not granted. Without a stay, Honda will incur significant litigation expenses in continuing to defend itself against allegations based on the eleven Patents-in-Suit—when substantial aspects of those allegations may be mooted, limited, or materially altered by the IPR process. Especially at this early stage of the litigation, a stay will benefit the parties and the Court by allowing them to take advantage of the IPR process and its creation of "a more efficient and streamlined patent system [to] improve patent quality and limit unnecessary and counterproductive litigation costs." Ex. 6 at APP064–67. This factor, therefore, weighs in favor of a stay. *Micrografx*, 2014 WL 8239371 at *2 (finding unfair prejudice factor weighed in favor of a stay noting that "[i]f the stay is unlikely to prejudice the plaintiff and the motion for stay comes early in the case, courts generally look favorably on granting stays pending reexamination") (quoting *BarTex*, 611 F.Supp.2d at 650).

### B.    A Stay Pending Final Resolution of IPRs is Highly Likely to Simplify This Case

Whether an IPR proceeding will result in simplification of the issues before the Court is the most important factor when evaluating a motion to stay. *NFC Tech.*, 2015 WL 1069111, at *4. IPR proceedings were "designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation." *Id.* Here, this factor plainly weighs in favor of a stay because the PTAB's final decisions in the pending IPRs may "render[] some or all of Plaintiff's infringement claims moot, estop[ Honda] from asserting any arguments it raised or reasonably could have raised in [its instituted] IPR[s], and provid[e] the Court with PTAB's expert opinion on the claims at issue." *Blephex*, 2016 WL 7839343, at *2 (granting stay where PTO proceedings had potential to streamline litigation).

Because the PTAB has already instituted petitions on two of the Patents-in-Suit (filed by Toyota or Unified Patents LLC) "the likelihood of some or all of those benefits flowing from inter

partes review is high." *NFC*, 2015 WL 1069111, at *4 (finding the fact that some petitions had already been instituted supported conclusion that simplification factor favored stay); Ex. 7 (Toyota IPR2022-00709, Decision Granting Institution of *Inter Partes* Review) at APP070 (stating "Petitioner has demonstrated that there is a reasonable likelihood that at least one of the challenged claims is unpatentable"); Ex. 8 (Toyota IPR2022-00708, Decision Granting Institution of *Inter Partes* Review) at APP075 (stating that "Petitioner has demonstrated a reasonable likelihood that it would prevail with respect to at least one of claims 1–20"); Ex. 4 (Unified Patents IPR2022-00429, Decision Granting Institution of *Inter Partes* Review) at APP041 (stating that "Petitioner has demonstrated a reasonable likelihood that it would prevail with respect to at least one of claims 1–20."). There is a high likelihood that the PTAB will institute at least Honda's IPR petitions for the '608 and '475 patents as well. Honda's and Toyota's IPR petitions relating to the '475 Patent rely on the same prior art references and the same grounds of unpatentability. *See* Ex. 9 (Honda IPR2023-00031, Petition for *Inter Partes* Review of '475 Patent) at APP084–85; Ex. 10 (Toyota IPR2022-00708, Petition for *Inter Partes* Review of '475 Patent) at APP096. Moreover, Honda's '608 Patent IPR relies on five prior art references and grounds of unpatentability that are even stronger than those relied on by Toyota. *Compare* Ex. 11 (Honda IPR2022-01266, Petition for *Inter Partes Review* of '608 Patent) at APP106–7 (noting that two prior art references anticipate all claims, one prior art reference anticipates 7 of the claims, in addition to obviousness combinations) *with* Ex. 12 (Toyota IPR2022-00709, Petition for *Inter Partes* Review of '608 Patent) at APP119 (noting that only one prior art reference anticipates all claims). Institution decisions on the remaining Honda and Toyota petitions are expected in less than five months, *i.e.*, between December 2022 and April 2023. *See* § I.B, *supra*. There is a high likelihood that most, if not all of Honda's IPR petitions are instituted. The PTAB's overall institution rate of 69% by

12

patent and 66% by petition. (*See* Ex. 13 at APP126–27). Once instituted, IV's patents have little chance of surviving unscathed, as all challenged claims only survive in less than 10% of instituted petitions that reach a final written decision. *See* Ex. 14 at APP132.[5]

Therefore, "waiting for the outcome" of the PTAB proceedings "could eliminate the need for trial if the claims are cancelled[.]" *Semiconductor Energy Lab'y Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-21-JST JPRX, 2012 WL 7170593, at *2, *4 (C.D. Cal. Dec. 19, 2012); *see also Fresenius USA Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("when a claim is cancelled [by the PTO], the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot"). At a minimum, even if all asserted claims are not invalidated, the outcome of the PTAB proceedings is likely to simplify discovery and any trial by focusing the parties and the Court on whatever subset of patent claims remain. *NFC Tech.*, 2015 WL 1069111, at *7 (even if PTAB addresses fewer than all of the asserted patents and claims, "any disposition by the PTAB is likely to simplify the proceedings before this Court"). This will reduce the burden and complexity on the Court and the parties from discovery, motion practice, and trial. Moreover, IV alleges that all 15 Honda vehicles infringe the '608 patent (Dkt. 1, ¶79) and that at least four of those vehicles infringe the '475 patent as well (Dkt. 1 ¶111). Because the infringement allegations for the instituted patents implicate every accused vehicle, granting a stay now will reduce the burden of conducting piecemeal discovery that may ultimately prove unnecessary.

In addition to limiting the number of patents that are asserted, awaiting the final PTAB decisions on Honda's petitions will also limit the prior art that Honda can assert. 35 U.S.C.

---

[5]    Omitting petitions that were settled or dismissed.

§ 315(e)(2). Such narrowing is particularly beneficial here, considering the large number of patents at issue. *Semiconductor*, 2012 WL 7170593, at *2 (finding this factor weighed in favor of a stay when PTO proceedings had been filed on the six patent-in-suit and "waiting for the[ir] outcome … could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [US]PTO and clarifying the scope of the claims").

Moreover, regardless of whether the petitions are instituted, the "Court would still benefit from the PTO's expert opinion and initial claim construction in deciding the issues" through the institution decision. *Uniloc 2017*, 2020 WL 374545, at *2 (finding these benefits favored granting a stay). Indeed, even before the PTAB issues its institution decisions, the IPR proceedings are likely to simplify the issues in the case, because the statements in IV's Preliminary Responses will constitute material evidence for issues such as claim construction. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359–60 (Fed. Cir. 2017) (holding that a patent owner statements during IPR proceedings may be used against the patent owner in district court litigation).

By contrast, "continuing the litigation" now "will result in the unnecessary duplication of efforts and expenses to resolve the same issues." *Micrografx*, 2014 WL 8239371 at *2. These are precisely the inefficiencies that a stay is designed to prevent. Before the Court and the parties expend unnecessary resources, the PTAB should be given time to complete its review, which will narrow the issues and may resolve the case altogether. Because staying this case pending the outcome of the IPRs will likely resolve or simplify issues in this case, this factor weighs in favor of granting a stay. *Employment Law*, 2014 WL 3739770 at *2.

### C.    The Early Stage of the Case Supports a Stay

The very early stage of this case supports staying the case until the IPR proceedings are finally resolved. This case is undisputedly in its infancy: no scheduling order has been issued,

there are no case deadlines or trial date, and the parties have engaged in no discovery related to the claims or defenses in this case.[6]  There has also been no case management conference and Honda's motion to transfer remains pending.  *Canon*, 2019 WL 13156692, at *2 (finding in favor of a stay based on the early stage of the case).  This factor strongly favors a stay.  *See, e.g.*, *VirtualAgility*, 759 F.3d at 1317-18 (finding stage of litigation favored stay where "[d]iscovery had not yet begun and no trial date had been set"); *Slide Fire Sols., L.P. v. Bump Fire Sys., LLC*, No. 3:14-CV-3358-M, 2016 WL 3355141, at *2 (N.D. Tex. Apr. 21, 2016) (finding stage of litigation favored stay even though "[d]iscovery ha[d] commenced"); *Micrografx*, 2014 WL 8239371, at *2 (finding stage of litigation favored stay where "[t]he Court ha[d] not issued a scheduling order, and no discovery ha[d] taken place").

The requested stay stands to conserve a significant amount of judicial and party resources, particularly because this case is in its nascent stages.  *See Employment Law*, 2014 WL 3739770, at *2 (finding stage of litigation favored stay even though "parties have engaged in written discovery" because "[t]he Court and the parties have not yet expended substantial resources"); *see also Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) (finding stage of litigation favored stay, even though case was trial ready, because trial is the "most burdensome task" and "[a] determination from the PTAB that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial").  For example, a stay at this stage will save judicial resources by avoiding any need for the Court to revisit claim construction or other decisions in view of the binding arguments that IV may make before the PTAB.  *See Aylus Networks*, 856 F.3d at 1364 ("[S]tatements made by a patent owner

---

[6] Although the parties engaged in discovery related to transfer, that discovery was unrelated to the substance of IV's infringement allegations in this case.

during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer."). A stay will also allow the parties to avoid incurring substantial expenses litigating issues (such as discovery into particular features that are accused of infringement in Honda's vehicles) that may well be mooted, streamlined, or at a minimum further defined via the PTAB proceedings. Given that none of the vast amount of work in this case has been done, the third factor weighs heavily in favor of a stay.

## IV.    CONCLUSION

For the foregoing reasons, Honda respectfully requests that the Court grant its motion to stay this case pending the IPRs' final resolution.

DATED: November 14, 2022

Michael W. De Vries, P.C. (*pro hac vice*)
California State Bar No. 211001
michael.devries@kirkland.com

**KIRKLAND & ELLIS LLP**
555 South Flower Street, Suite 3700
Los Angeles, CA, 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Adam Alper, P.C. (*pro hac vice*)
California State Bar No. 196834
adam.alper@kirkland.com

Akshay Deoras, P.C. (*pro hac vice*)
California State Bar No. 301962
akshay.deoras@kirkland.com

Reza Dokhanchy (*pro hac vice*)
California State Bar No. 287684
reza.dokhanchy@kirkland.com

Laura Ashley Harris (*pro hac vice*)

Respectfully submitted,

 */s/ Drew M. Thomas*
Jeffrey S. Patterson
Texas State Bar No. 15596700
jpatterson@hartlinebarger.com

Drew M. Thomas
Texas State Bar No. 24086841
dthomas@hartlinebarger.com

**HARTLINE BARGER LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
Telephone: (214) 369-2100
Facsimile: (214) 369-2118

Kathy H. Li
Texas State Bar No. 24070142
kat.li@kirkland.com

**KIRKLAND & ELLIS LLP**
401 Congress Avenue
Austin, TX 78701
Telephone: (512) 678-9167
Facsimile: (512) 678-9101

California State Bar No. 327400
lauraashley.harris@kirkland.com

**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Leslie M. Schmidt, P.C. (*pro hac vice*)
New York State Bar No. 4884078
leslie.schmidt@kirkland.com

Jonathan D. Brit (*pro hac vice*)
New York State Bar No. 5302567
jonathan.brit@kirkland.com

**KIRKLAND & ELLIS LLP**
601 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 14, 2022 a copy of the above and foregoing document was served by electronic transmission on all counsel of record via the Court's ECF system.

*/s/ Drew M. Thomas*
Drew M. Thomas

## **CERTIFICATE OF CONFERENCE**

In compliance with Local Rule 7.1(b), I hereby certify that on November 14, 2022 counsel for Honda met and conferred by telephone with counsel for IV, Mark Siegmund, who confirmed that IV opposes Honda's motion.

*/s/ Drew M. Thomas*
Drew M. Thomas

18